IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

Case No. 06-10129-JTM

JAMES E. BAKER,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's various motions to dismiss, filed both pro se and by counsel. Defendant filed three pro se motions urging the court to dismiss the present action. In his motions, defendant challenges the applicability of 18 U.S.C. §§ 922(g)(1) and 922(j). He also raises the issue of whether the two-count indictment is multiplicitous. Separately, defendant's counsel filed two motions to dismiss. In the first motion, counsel argues that prosecution of this case is in violation of local rules. In the second motion, counsel argues that the two-count indictment is multiplicitous. After reviewing the parties' arguments, the court denies defendant's motions.

**I. Motion to Dismiss (Dkt No. 13)**

In his first pro se motion to dismiss filed June 23, 2006, defendant argues that charging him with violations of 922(g)(1) and 922(j) is "not supported by the law." Defendant appears to argue that the government cannot classify an offense greater than how the state classifies the offense. Defendant's arguments are without merit. Based on the Supremacy Clause of the

United States Constitution, federal law "shall be supreme Law of the Land...any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. IV.  It is well established that federal law may trump state law or constitution.  M'Colluch v. Maryland, 17 U.S. (4 Wheat.), 316, 4 L.Ed 579 (1819).  Federal circuits have permitted the federal government to designate crimes which that state has not designated.  United States v. Napier, 233 F.3d 394, 404 (6th Cir. 2000); United States v. Minnick, 949 F.2d 8 (1st Cir. 1991).  Thus, based upon the supremacy of federal law over state law, it was proper for Congress to enact 18 U.S.C. §922(g)(1) dealing with both firearms and ammunition, even though a state has not made them illegal to possess.  Therefore, the court denies defendant's first pro se motion to dismiss (Dkt. No. 13).

**II. Motion to Dismiss (Dkt. No. 18)**

In another pro se motion to dismiss filed June 27, 2006, defendant again argues that the federal government cannot make illegal that which the state does not make illegal.  The court has already addressed this issue.  Additionally, defendant argues that the government withheld facts in discovery.  This argument is also without merit.  The United States provided defendant with a report written by ATF Task Force Officer John Barrier.  The report included two sentences, "Case reviewed by Wichita Area Gun Task Force and AUSA Matt Treaster. Upon review, it was determined that Baker did not meet the minimum criteria for consideration for federal prosecution."  This report related to an initial internal review of the defendant's case by the Wichita Area Gun Task Force (WAGTAF).  Although WAGTAF initially did not recommend prosecution, upon further review of defendant's criminal history, the federal prosecutor sought an indictment.  The government was not required to turn over this report as part of discovery,

though it chose to provide it. Therefore, the court finds no discovery violation.

### III. Motion to Dismiss (Dkt. No. 24)

Finally, in a motion to dismiss filed July 6, 2006, defendant repeats his challenge to the supremacy clause and then argues that his possession of ammunition was not unlawful. These arguments are without merit. The court has already rejected defendant's argument as to the applicability of state law. The court also finds that defendant's civil rights were not restored, so he could not possess a firearm or ammunition.

For a felon's rights to be restored, Kansas law requires that the parole board issue an inmate a certificate of discharge, which has the effect of restoring the individual's civil rights after the completion of his post-release supervision period. Kan. Stat. Ann. § 22-3722. The civil rights restored are limited to the rights to vote, to serve as a juror, and to hold public office and do not include the right to possess a firearm. Kan. Stat. Ann. § 21-4615(2). A separate statute governs a felon's right to possess firearms. Under Kan. Stat. Ann. § 21-4204, certain felons may be eligible for restoration of their right to firearms after the lapse of a proscribed time period based on the nature of the offense. See United States v. Burns, 934 F.2d 1157, 1160-61 (10th Cir. 1991) (noting that receipt of a certificate of discharge restoring defendant's civil rights did not entitle defendant to possess a firearm because of the restrictions set forth in §21-4204(b)); United States v. Coffman, 761 F. Supp. 1493, 1500-01 (D. Kan. 1991) (noting that despite the restoration of the rights enumerated under § 21-4615, a separate Kansas statute governs certain felon's right to possess firearms). Thus, state law will govern the applicability of 18 U.S.C. § 922(g)(1) to a person convicted of a felony in Kansas.

Although defendant argues that his civil rights were restored on May 4, 2005, the

defendant was convicted on July 1, 2003, in Sedgwick County District Court Case 03CR1052 of a level 7 non-person burglary, in violation of Kan. Stat. Ann. § 21-3715(b).  Under Kan. Stat. Ann. § 21-4204(a)(3), defendant could not possess a firearm for at least five years from the date of his conviction, or July 1, 2008.  Thus, even though defendant had some of his civil rights restored, he did not have the right to possess a firearm.  Consequently, he could not possess either firearms or ammunition under federal law.  The court denies defendant's motion.

### IV. Motion to Dismiss (Dkt. No. 21)

Through counsel, defendant argues that the government should not be able to bring this action.  Counsel notes that the charge falls within the applicable statute of limitations, but then proceeds to argue that local rules bar further review of a case that had previously been found to violate the Speedy Trial Act.

Section 18 U.S.C. § 3282 states that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."  Five years has not lapsed since the alleged offense as defendant acknowledges.

The local District of Kansas rules do not require the court to dismiss a case that it has previously determined to be in violation of the rules of speedy trial.  The court already evaluated the applicable standard set forth in 18 U.S.C. § 3162 and determined that the action could be dismissed without prejudice. It was within the United States' discretion to file the present case.

### V. Motion to Dismiss - Multiplicity (Dkt. Nos. 14, 23)

In two motions, defendant argues that the two counts in the indictment are multiplicitous. Through counsel, defendant argues that felon in possession of ammunition and possession of

stolen ammunition are multiplicitous charges. Because the two charges appear in the same code, defendant argues that the two counts should be treated in the same fashion.

Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior. United States v. Johnson, 130 F.3d 1420, 1424 (10th Cir. 1997) (citing United States v. Morehead, 959 F.2d 1489, 1505 (10th Cir. 1992)). Although multiplicity is not fatal to an indictment, it poses the threat of multiple sentences for the same offense and may improperly suggest that the defendant committed more than one crime. Id. (citation omitted). At sentencing, multiplicity raises double jeopardy implications. Id. In Johnson, the defendant was charged with both felon in possession of a firearm and a drug user in possession of a firearm. Id. at 1424. The Tenth Circuit held that the offenses were multiplicitous because they were two different classes of offense listed under 18 U.S.C. § 922(g). Id. at 1426. Although Johnson was convicted on both counts, the district court sentenced him on only one count. Id. Still, the Tenth Circuit remanded to the district court with instructions to vacate Johnson's conviction on the second § 922(g) charge. Id.

The Circuit also addressed the related issue of whether the district court erred in refusing to require the government to elect between the two firearm counts prior to trial. The Johnson court noted that "[a] decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court. Id. See United States v. Throneburg, 921 F.2d 654, 657 (6th Cir.1990); United States v. Phillips, 962 F. Supp. 200, 201 (D.D.C. 1997). The Circuit held that the court did not abuse its discretion by denying a pretrial motion to dismiss one of the § 922(g) counts since there was a slim chance that Johnson could be convicted on one count and acquitted on the other. Johnson, 130 F.3d at 1426.

While the Circuit has found that charging a defendant with two offenses under 18 U.S.C. § 922(g) is multiplicitous, it has not directly addressed the issue of whether charges under §§922(g) and 922(j) create the same problems. See United States v. Romero, 122 F.3d 1334, 1337 (10th Cir. 1997) (implicitly letting stand a conviction under 18 U.S.C. §§ 922(g)(1) and 922(j) where the sentence ran concurrently); United States v. Baker, No. 05-7052, 2006 WL 906122, at *3 (10th Cir. Apr. 10, 2006) (finding no multiplicity for charges under 18 U.S.C. §§ 922(g)(1) where possession of handgun alleged on different days).

In its discretion, the court finds that the prosecution should be permitted to present its case. Although the underlying facts are similar for both counts of the indictment, the government must prove that defendant knew or had reason to know that the ammunition was stolen under the second count. However, in the first count, the government need only prove the defendant was a restricted person in possession of ammunition. The court leaves open both counts because there is the possibility, though remote, that the defendant may be convicted on one count but not the other. Double jeopardy concerns may be corrected at sentencing. Existing case law appears to leave open the possibility that a defendant may be convicted under both 18 U.S.C. §§ 922(g)(1) and 922(j).

IT IS ACCORDINGLY ORDERED this 27th day of July 2006, that the court denies defendant's various motions to dismiss (Dkt. Nos. 13, 14, 18, 21, 23 and 24).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE