IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JAMES E. BAKER,

    Defendant.

Case No. 06-10129-01-JTM

MEMORANDUM AND ORDER

    Following a trial by jury, defendant James Baker was convicted of possession of ammunition by a felon (Count 1) and acquitted of the charge of possession of stolen ammunition (Count 2). This matter is before the court on multiple motions filed on behalf of defendant Baker. One motion for acquittal has been filed by counsel. (Dkt. No. 64) Baker has also filed, pro se, three motions — a motion to dismiss Count 1 of the Indictment (Dkt. No. 63), as well as two additional motions for acquittal (Dkt. Nos. 66, 67).

    The motion filed by counsel reiterates arguments previously resolved by the court, including in particular the contention that the court should have issued an innocent possession instruction. Baker, the brief argues, took possession of the ammunition only "to keep it away from children in the area." (Dkt. No. 64, at 2). In his pro se motion to dismiss Count 1, Baker argues the same point: that the court erred in refusing his request for a fleeting possession instruction or for an innocent possession instruction. He asserts, as he did at trial, that he took possession of the ammunition solely in order to turn it over to the police.

In the other motions, Baker argues that 18 U.S.C. § 922(g) is unconstitutional since it is not a genuine attempt to regulate the market for ammunition, stressing that ammunition is already subject to pervasive state regulation. Baker also argues that § 922(g) applies only in the case of a felon in possession of a firearm, and "does not govern the possession of lawful ammunition." (Dkt. No. 66, at 2.)

The motions before the court are without merit and will be denied. Even by his own testimony, Baker at the time of his arrest, had had the ammunition in his possession for over two hours. He did not voluntarily and immediately notify the police of his supposed innocent discovery of the ammunition. He instead revealed his possession of the ammunition only after he was stopped by Officer Bachman and then had no choice in the matter.

Neither a fleeting possession instruction nor any necessity or justifiable defense instruction is appropriate under the facts of the case. In *United States Al-Rekabi*, 454 F.3d 1113 (10th Cir. 2006), the Tenth Circuit held that the defendant and former felon's assertion that he took a pistol away from his 12-year-old brother did not mandate issuing a necessity instruction. Applying the general standard for the necessity defense from *United States v. Bailey*, 444 U.S. 394 (1980) the court stressed that there were several alternatives the defendant could have used to protect third parties short of taking the gun into his own possession, including simply leaving it on the ground and telephoning the police. The defendant's theory, the court wrote, failed to meet

> critical components of the necessity defense. First, all reasonable alternatives must be foreclosed. Second, if there is no clear legal alternative, an individual would be permitted to violate the law, but only in a very limited way. Thus, for example, the necessity defense might allow an individual to take possession, actual or constructive, of stolen goods, but only for the period of time necessary to return them to their owner or turn them in to the police.
>
> ....

>A claim of necessity may be little more than an ex-post attempt by defense counsel to exculpate a client. Such a claim is easily made and so must be factually justified. "Vague and necessarily self-serving statements of defendants or witnesses as to future good intentions or ambiguous conduct simply do not support a finding of this element of the defense." *Id.* at 415, 100 S.Ct. 624. Demanding a prompt and appropriate remedial response to the claimed "necessity" is a legitimate precondition to recognizing the defense and is also a useful tool in measuring the bona fides of a claimant. The evidence does not suggest the lack of a reasonable legal alternative. If it had, Al-Rekabi's response was not measured and reasonable as the necessity defense requires. The district judge properly exercised her gate-keeping responsibilities. The first part of the necessity test was not met. Neither was the second.
>
>The defendant must show an imminent danger — a real risk of death or serious bodily injury. A twelve year-old boy possessing a loaded pistol is potentially very dangerous, but the danger in this case was not clearly "imminent." Hussein had already stolen the weapon, transported it to an abandoned house, hid it in a heater vent, later retrieved it and was carrying it in his waistband at the time he was accosted by Al-Rekabi. There is no evidence Hussein was handling the weapon in a reckless manner by pointing it at someone or attempting to discharge it.

454 F.3d at 1123-26 (footnotes omitted).

In the present case, the defendant's stated rationale for possession of the ammunition presents even less of a justification than what was presented in *Al-Rekabi*. There, a 12-year-old was actually present, holding a potentially loaded firearm. Here, there is no evidence of any actual children in the vicinity when Baker supposedly found the ammunition, and the threat possessed by ammunition in the absence of any firearm of the same caliber is much less imminent than a loaded or potentially loaded firearm. The defendant had the burden to show the applicability of the requested instructions, and defendant failed to meet that burden.

The court also rejects plaintiff's Commerce Clause argument. The Tenth Circuit has previously held that 18 U.S.C. § 922(g)'s ban on the possession of ammunition by felons is a constitutional enactment under the Commerce Clause. *United States v. Jones*, 390 F.3d 1291 (10th Cir. 2004), *vacated on other gds.*, 544 U.S. 971 (2005). *See also United States v. Bolton*, 68 F.3d

396, 400 (10th Cir.1995), *cert. denied*, 516 U.S. 1137, 116 S.Ct. 966, 133 L.Ed.2d 887 (1996). Every other circuit court to have considered the question has reached a similar conclusion. *See*: *United States v. Wells*, 98 F.3d 808 (4th Cir.1996) *United States v. Gateward*, 84 F.3d 670, 671-72 (3d Cir.1996), *cert. denied*, 519 U.S. 907 (1996); *United States v. Abernathy*, 83 F.3d 17, 20 (1st Cir.1996); *United States v. Spires*, 79 F.3d 464, 466 (5th Cir.1996); *United States v. Turner*, 77 F.3d 887, 889 (6th Cir.1996); *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir.1996), *cert. denied*, 519 U.S. 905 (1996); *United States v. Sorrentino*, 72 F.3d 294, 296-97 (2d Cir.1995); *United States v. Bell*, 70 F.3d 495, 497-98 (7th Cir.1995)*; United States v. Shelton*, 66 F.3d 991, 992 (8th Cir.1995) (*per curiam*), *cert. denied*, 517 U.S. 1125 (1996); *United States v. Hanna*, 55 F.3d 1456, 1461-62 & n. 2 (9th Cir.1995).

Finally, the court cannot accept Baker's analysis of the language of the statute. By its express terms, 18 U.S.C. § 924(g) prohibits a felon from possessing either a firearm or ammunition.

IT IS ACCORDINGLY ORDERED this 16th day of November, 2006 that the defendant's Motions to Dismiss or to Acquit (Dkt. Nos. 63, 64, 66, 67) are denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE