IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.  No. 06-10129-JTM
No. 09-1130

JAMES BAKER,
Defendant-Appellant.

MEMORANDUM AND ORDER

This matter is before the court on defendant James Baker's 28 U.S.C. § 2255 motion to vacate, correct, or set aside. (Dkt. No. 98). The defendant later filed a supplemental amendment to his motion. (Dkt. No. 104). In support of his motion, Baker argues: 1) ineffective assistance of counsel because defense counsel: (a) did not present a due process violation when the jury witnessed him in handcuffs, (b) asserted the defense of "innocent possession" instead of the defendant's theory of "mistake of fact," and (c) did not appeal the dismissal without prejudice for the speedy trial violation; 2) the prosecution's presentment of the case is a sham; 3) (a) the use of *Scarborough v. United States,* 421 U.S. 563 (1977) is unconstitutional in the interstate commerce analysis and (b) the mere fact that an item crossed state lines does not meet the interstate commerce requirement; 4) "innocent possession" should be considered a defense under Tenth Circuit laws; 5) the Tenth Circuit's overlapping theory for restoration of civil rights is not supported by state or federal statutes, legislative history, relevant case law, or equitable principles; 6) restoration of civil rights is a question of fact for the jury, not a question of law before the judge; 7) *Logan v. United States*, 128

1

S. Ct. 475 (2007) forecloses the Tenth Circuit's overlapping theory of law in the defendant's original appeal; and 8) the United States did not prove the ammunition found in the defendant's pocket traveled in interstate commerce before coming to Kansas.

On June 1, 2006, Baker was indicted on two charges: (1) felon-in-possession of ammunition and (2) possession of stolen ammunition. (Dkt. No.1). On August 30, 2006, a jury convicted Baker of being a felon-in-possession of ammunition but acquitted him of possession of stolen ammunition. (Dkt. No. 59). The court denied Baker's motion for judgment of acquittal or a new trial, in which he argued he was entitled to an "innocent possession" jury instruction. (Dkt. No. 70). Baker appealed his case to the Tenth Circuit Court of Appeals. (Dkt. No. 79). The issues on direct appeal were "whether the jury should have been instructed on Baker's proposed 'innocent possession' defense and whether 18 U.S.C. §921(a)(20) of the Armed Career Criminal Act contemplates a 'conviction specific' approach to its application." *United States v. Baker*, 508 F.3d 1321, 1322-23 (10th Cir. 2007).

On the first issue, the appellate court declined to recognize "innocent possession" as a defense because "Congress could have created the defense had it seen fit to do so." *Id.* at 1327. On the second issue, the appellate court rejected the "conviction-specific" approach and held that "when state law has continuously prohibited a defendant from possessing a firearm, the state has not effectively restored the defendant his civil rights and therefore each of the defendant's otherwise-qualifying convictions constitutes a violent felony under §942(e)." *Id.* at 1328-30. Baker's request for *en banc* hearing regarding his "innocent possession" defense was denied on February 28, 2008, and his request for a *writ of certiorari* was denied on October 6, 2008. *United States v. Baker*, 523 F.3d 1141(10th Cir. 2008) and *Baker v. United States*, 129 S.Ct. 349 (2008).

28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). "Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief," the court will hold a hearing to determine the issues and make findings of fact and conclusions of law. 28 U.S.C. § 2255(b).

The standard of review of § 2255 petitions is stringent, and the court presumes earlier proceedings were correct. *United States v. Nelson,* 177 F.Supp.2d 1181, 1187 (D. Kan. 2001) (citation omitted). "To prevail, [the] defendant must show a defect in the proceedings which resulted in a 'complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States,* 417 U.S. 333, 346 (1974)). A § 2255 motion is not a substitute for appeal, and relief is not available merely because of error that may have justified reversal on direct appeal. *United States v. Frady,* 456 U.S. 152, 165 (1982); *United States v. Addonizio,* 442 U.S. 178, 184 (1979).

"The Sixth Amendment guarantee of effective assistance of counsel 'demands that defense counsel exercise the skill, judgment and diligence of a reasonably competent defense attorney.'" *United States v. Burch,* 160 F.Supp.2d 1204, 1207 (D.Kan.2001) (quoting *Dyer v. Crisp,* 613 F.2d 275, 278 (10th Cir. 1980) (*en banc*), *cert. denied,* 445 U.S. 945 (1980)). To establish a claim for ineffective assistance of counsel, a defendant must show that: 1) his counsel's performance was constitutionally deficient; and 2) counsel's deficient performance was prejudicial. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Defendant bears the burden of showing that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant

by the Sixth Amendment." *Id.* Counsel's failure must fall below an objective standard of reasonableness. *Id.* at 690. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison,* 477 U.S. 365, 381 (1986) (citations omitted). To show prejudice, defendant must demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The Tenth Circuit has held that "tactical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance." *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995) (quoting *United States v. Ortiz Oliveras*, 717 F.2d 1, 3 (1st Cir. 1983)).

Baker alleges ineffective assistance of counsel because members of the jury saw him in handcuffs during a lunch break, and his attorney did not inquire regarding the impact on the jurors viewing him nor did he notify the Court of the incident. The federal marshals told Baker's attorney they did not believe the jurors actually saw Baker in handcuffs. Baker's attorney made the decision not to inform the Court of the alleged viewing of the defendant in handcuffs and that was a reasonable judgment in light of Tenth Circuit precedent. *E.g. United States v. Simpson*, 950 F.2d 1519, 1521 (10th Cir. 1991) (holding that an accidental viewing of a defendant in custody is not *per se* prejudicial); *United States v. Ware*, 897 F.2d 1538, 1541 (10th Cir. 1990) (holding that a brief and inadvertent exposure of a handcuffed defendant is not inherently prejudicial); *United States v. Johnson*, 911 F.2d 1394, 1397 (10th Cir. 1990) (holding that a juror's fleeting glance of a defendant in handcuffs does not warrant a mistrial). The Tenth Circuit has held that "it does not justify a new trial in the absence of a showing of actual prejudice." *Simpson*, 950 F.2d at 1522. Baker has not

4

shown actual prejudice from the accidental viewing, or that his attorney's failure to notify the court was not the result of reasonable professional judgment.

Next Baker argues ineffective assistance of counsel based on his attorney's failure to include the defense of "mistake of fact" instead of "innocent possession." The appellate court analyzed the defense, but decided not to join other circuits who recognize it as such. *Baker*, 508 F.3d at 1325-26. His attorney petitioned for an *en banc* hearing, and the panel denied the petition for rehearing of the "innocent possession" defense. *Baker*, 523 F.3d at 1141. Baker's attorney made a tactical decision to argue the defense of "innocent possession," and although the tactical decision was unsuccessful, his actions were objectively reasonable, which is apparent from the fact some of the judges agreed with the "innocent possession" argument. *Baker*, 508 F.3d at 1330-31; *Baker*, 523 F.3d 1141.

Baker's final basis for ineffective assistance of counsel is his attorney did not present the Speedy Trial Act violation on direct appeal after his case was dismissed without prejudice. Pursuant to 18 U.S.C. § 3162(a)(2), a trial court must weigh three statutory factors in exercising its discretion to dismiss charges with or without prejudice. The factors include the seriousness of offense, the circumstances leading to the dismissal, and the effect of reprosecution on the administration of justice and the Act. 18 U.S.C. § 3162(a)(2). The Supreme Court has also stated that a trial court should take into account any prejudice to the defendant along with those factors. *United States v. Jones*, 213 F.3d 1253, 1256 (10th Cir. 2000) citing *United States v. Taylor*, 487 U.S. 326 (1988).

Here, this court weighed the statutory factors and determined that the case should be dismissed without prejudice, finding that Baker was not prejudiced by the delay. (Case No. 06-10129 Dkt. No. 34; Case No. 06-10055 Dkt. No. 25 at 7-9). Baker's attorney's decision not to appeal the dismissal was tactical and objectively reasonable; therefore, it was not ineffective

5

assistance. Furthermore, even if counsel had presented the case and arguments in the fashion that Baker now urges, there would be no material difference in the result. The court is convinced that neither a brief vision of the defendant in handcuffs, or the minor speedy trial violation would in light of the facts of the case ever justify a dismissal with prejudice or substantially effect the fairness of Baker's trial. The court in any event would have conducted the trial in the same fashion.

Baker's ineffective assistance arguments fail to satisfy the requirements set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The court finds there is no evidence that his attorney's performance fell below an objective standard of reasonableness or resulted in actual prejudice to him.

Baker cites *Bartkus v. Illinois*, 359 U.S. 121 (1959), in support of his allegation that his federal prosecution was merely a "sham" or cover for an otherwise barred state prosecution because of the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment. (Dkt. No. 98 at 12-13). Baker's reliance on *Bartkus* to support his "sham" allegation is misplaced as *Bartkus* is a case of double jeopardy and there was only one prosecution in Baker's case. Baker did not produce any evidence that the federal prosecution was a "sham" or cover for an otherwise barred state prosecution.

Next, Baker alleges the government's use of *Scarborough* fiction to establish the commerce nexus for his ammunition possession is an unconstitutional application of law which voids the court of subject matter jurisdiction. (Dkt. No. 98 at 4). In support of this argument, he alleges that the mere fact that an item crossed state lines is not conclusive proof that such item was a part of any interstate shipment or trade. (Dkt. No. 98 at 26). Baker cites no authority to support this claim and in fact there is support to the contrary. The Tenth Circuit has held that § 922(g)'s requirement that

6

the firearm has been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause. *United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995). The Supreme Court has held it was sufficient for the government to prove that the firearm had previously traveled in interstate commerce to establish the jurisdictional element of the felon-in-possession statute. *Scarborough*, 431 U.S. at 575.

"When an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). According to the Tenth Circuit, four elements must be met:

> (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Smith v. Dinwiddie*, 510 F.3d 1180, 1188 (10th Cir. 2007).

In Baker's 28 U.S.C. §2255 motion, he raised two of the same issues that he had previously raised before the Tenth Circuit Court of Appeals. He maintained "innocent possession" should be considered a defense under Tenth Circuit law and that the Tenth Circuit's theory for restoration of civil rights is not supported by state or federal statutes, legislative history, relevant case law, or equitable principles. Baker is collaterally estopped on the "innocent possession" issue and the "restoration of rights" issue based on the following: 1) both those issues alleged in his 28 U.S.C. § 2255 motion are identical to the ones he presented to the Tenth Circuit Court of Appeals; 2) the prior action was fully adjudicated on the merits when the Tenth Circuit Court of Appeals affirmed the

conviction and held that his civil rights were not restored; 3) he was a party to the prior adjudication; and 4) he had a full and fair opportunity to litigate the issue in the prior action.

Baker maintains that restoration of rights is a question of fact for the jury, not a question of law for the judge. He cites *Apprendi v. New Jersey*, 530 U.S. 466, 485-86 (2000) and *Taylor v. United States*, 495 U.S. 575 (1990) as authority for his position, but neither case supports his assertion. *Apprendi* holds that other than the fact of a prior conviction, any fact that increases penalty for crime beyond prescribed statutory maximum must be submitted to jury. *Taylor* holds that the sentencing court in applying the enhancement provision must look only to the fact of the conviction. It is well-settled that the restoration of civil rights is a question of law for a judge. *United States v. Burns*, 934 F.2d 1157, 1159 (10th Cir. 1991) (citing *Boise City Farmers Co-op v. Palmer*, 780 F.2d 860, 866 (10th Cir. 1985)).

Next he alleges that *Logan v. United States*, 128 S. Ct. 475 (2007) forecloses the Tenth Circuit's overlapping theory of law in the defendant's original appeal. The Tenth Circuit held that Baker had been convicted of three previous felonies, and during the period of time that began with his first felony conviction through his sentencing in the underlying federal case, he had continuously been prohibited from possessing a firearm. *United States v. Baker*, 508 F.3d 1321, 1327-30 (10th Cir. 2007).

If Baker's right to possess a firearm had been restored at sometime between the three predicate convictions, then he would have been exempt from the additional penalties that were attached to his sentence. *See* 18 U.S.C. § 921(a)(20). However, Baker's assertion that *Logan* is contrary to the overlapping theory explained in *United States v. Baker*, 508 F.3d 1321, is incorrect. The defendant in *Logan* maintained that his prior misdemeanor battery convictions did qualify under

the Armed Career Criminal Act's ("ACCA's") civil rights restored exemption. Logan's three prior misdemeanor battery convictions did not result in deprivation of his civil rights. *Logan*, 128 S.Ct. at 481. The Court held his convictions did not qualify under the ACCA's exemption, and the exemption did not extend to state-court convictions that at no time deprived offender of his civil rights. *Logan*, 128 S.Ct. at 485.

Finally, Baker maintains that the United States did not prove the whole ammunition moved in interstate commerce. (Dkt. No. 104 at 3). At Baker's trial, an interstate nexus expert testified that the cartridge casings were manufactured outside the state of Kansas; therefore, at least one part of the ammunition rounds traveled in interstate commerce. (Dkt. No. 88 at 35-39). Baker alleges that the government must prove that all four component parts of ammunition: 1) the cartridge casing; 2) the primer; 3) the bullet; and 4) the propellant pod moved in interstate commerce (Dkt. No. 104 at 4), but he cites no authority for that position. In fact there is authority to the contrary. *United States v. Mosby*, 60 F.3d 454, 457 (8th Cir. 1995) (holding that defendant's "possession of the assembled cartridges, which are not in interstate commerce, is also possession of the individual components of the cartridges which are in interstate commerce"); *United States v. Danielson*, 199 F.3d 666 (2nd Cir. 1999) (it is sufficient for government to prove that a component of the rounds of ammunition traveled in interstate commerce).

IT IS THUS ORDERED, this 22nd day of December, 2009, that the Defendant's motion for permission to amend his § 2255 filing (Dkt. No. 104) is granted.

IT IS FURTHER ORDERED that the Defendant's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. No. 98), with the amendments advanced in Dkt. No. 104, is denied.

        s/ J. Thomas Marten
        J. THOMAS MARTEN, JUDGE