IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                          Case No. 06-10129-JTM

JAMES E. BAKER,

    Defendant.

MEMORANDUM AND ORDER

Presently before the court is defendant James E. Baker's Motion for Grand Jury and Other Proceedings Transcripts (Dkt. No. 121). For the following reasons, the court denies the motion.

Under 28 U.S.C. § 753(f):

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

*Id.* "In determining whether a defendant has complied with § 753(f), some courts have held that the actual filing of a habeas petition is a necessary prerequisite." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993) (citing *United States v. Lewis*, 605 F.2d 379, 379 (8th Cir. 1979); *United States v. Losing*, 584 F.2d 289, 291 (8th Cir. 1978); *United States v. Fabian*, 758 F. Supp. 804, 806 (D.R.I. 1991); *United States ex rel. Davidson v. Wilkinson*, 618 F.2d 1215, 1219 (7th Cir. 1980)). In this case, defendant has not filed a present habeas corpus petition. He did file an initial § 2255 petition

on May 4, 2009, which was denied by this court and affirmed by the Tenth Circuit. However, without deciding the filing of a habeas petition is a necessary prerequisite, this court denies the motion because it is frivolous.

Under § 753(f), a defendant must show that the suit he intends to file is not frivolous and that the transcript is needed to decide the issue presented. *Sistrunk*, 992 F.2d at 259. Defendant's suit would be frivolous here because he has not met the necessary standards for filing a second or successive § 2255 petition. A second or successive habeas petition must be certified as provided in § 2244. 28 U.S.C. § 2255(h) (2006 & Supp. 2010). Under § 2244, a second habeas petition shall be dismissed unless:

> (A) [T]he applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B) (2006). Additionally, before filing a second petition with the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A). Defendant sought authorization from the Tenth Circuit, which was denied. *See* Dkt. No. 120. The court found that defendant had not shown his case fell into one of the limited exceptions in which a second habeas petition is permissible. The arguments presented in his motion for transcripts are in large part based on similar arguments which the Tenth Circuit rejected. Thus, without a proper basis for a second habeas petition, defendant's motion for transcripts is frivolous and must be denied.

Regardless of defendant's ability to file a second habeas petition, he has failed to provide a sufficient factual basis for the relief he seeks under § 753(f). Primarily, defendant contends the government presented improper evidence to the Grand Jury that prejudiced him. This argument fails because the Federal Rules of Evidence are inapplicable to proceedings before a grand jury. *See* FED. R. CIV. P. 1101(d)(2). Additionally, defendant's remaining arguments concerning the predicate offenses used to convict him as a felon in possession have been raised and carefully considered by the Tenth Circuit and this court on direct appeal and in defendant's habeas proceedings. *See* Dkt. Nos. 94, 109, 117, and 120. "A claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1); *see also United States v. Card*, 220 Fed. App'x 847, 851 (10th Cir. 2007).

IT IS ACCORDINGLY ORDERED this 29th day of July 2011, that defendant's Motion for Grand Jury and Other Proceedings Transcripts (Dkt. No. 121) is denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE