IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                              Case No. 06-10129-JTM

JAMES E. BAKER,

        Defendant.

## MEMORANDUM AND ORDER

The following matter comes to the court on defendant James E. Baker's Motion for Appointment of Counsel (Dkt. 156). The court denies the motion, finding the interests of justice would not be served by an appointment of counsel.

**I. Background**

On August 30, 2006, a jury found Baker guilty of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Dkt. 59). The court denied Baker's motion for judgment of acquittal or a new trial, in which he argued he was entitled to an "innocent possession" jury instruction. (Dkt. No. 70). Baker appealed his case to the U.S. Court of Appeals for the Tenth Circuit. (Dkt. No. 79). The Tenth Circuit ruled against Baker. Baker then requested an *en banc* hearing, which was denied. Baker also requested a writ of certiorari; it was also denied. Baker subsequently moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, but this court denied relief, and the Tenth Circuit denied a certificate of appealability. Baker then twice sought authorization to file second or successive § 2255 motions, but the Tenth

Circuit denied both requests. Baker then moved the court to reconsider and vacate the sentencing enhancement, and this court denied the motion. He sought appeal from the Tenth Circuit, which denied this second certificate of appealability and dismissed the appeal. Baker then brought a motion pursuant to FED. R. CIV. PRO. 60(d)(3), arguing his conviction should be reversed for "fraud upon the court." After this court denied the motion, Baker appealed. The Tenth Circuit denied a certificate of appealability on this motion as well. Baker now asks the court to appoint counsel to investigate and argue several constitutional claims on his behalf, ultimately seeking to overturn his conviction.

## II. Legal Standard

A defendant generally has no right to counsel in the prosecution of a § 2255 motion, because the right to appointed counsel extends to the first appeal of right, and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The court may appoint counsel when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), but will properly decline to do so if the issues are not complex either legally or factually, if the merits of the claim do not appear colorable, or if the defendant's pro se pleadings demonstrate he is capable of adequately articulating his claims. *United States v. Corber*, 2007 WL 1018766 (D. Kan. 2007).

## III. Analysis

The court finds that Baker has demonstrated he is capable of articulating his claims adequately, so the interests of justice do not require appointing counsel for his additional challenges. In his motion, Baker specifically lays out the bases he intends to

attack his conviction or sentence with and the facts supporting those bases. Further, Baker has filed numerous pro se motions, and although none have been granted, none were rejected on the basis of being incomprehensible or not adequately stated. Baker may face some legal barriers in his renewed attempt to attack his conviction or sentence, as his direct appeal and previous § 2255 motions have consistently failed. But the potential procedural barriers do not establish a basis for appointing counsel for Baker.

Appointment of counsel is the exception rather than the general rule. No constitutional right to appointed counsel exists in § 2255 matters. *United States v. Moya–Breton*, 439 Fed.Appx. 711, 716 (10th Cir. 2011). While the court may appoint counsel in § 2255 cases pursuant to 18 U.S.C. § 3006A(a)(2), it may do so only when the "interests of justice so require." Here, Baker fails to show that the interests of justice support the relief he seeks. Baker was convicted after a lengthy trial in which substantial evidence was produced in support of the charged offenses, and his conviction was affirmed on appeal. He has proved quite capable in asserting arguments on his own behalf, as the motion before the court exemplifies. Appointment of counsel in the present case, where Baker provides no reason to believe he is incapable of representing himself, would turn the exception into the rule.

IT IS THEREFORE ORDERED this 1st day of April, 2014, that Baker's Motion for Appointment of Counsel (Dkt. 156) is denied.

s/J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE