IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                       Case No. 06-10129-JTM

JAMES E. BAKER,

        Defendant.

**MEMORANDUM AND ORDER**

Before the court is defendant James E. Baker's Motion Requesting Entry of Judgment (Dkt. 169). Baker was convicted on one count of felon in possession of ammunition and sentenced to 235 months' imprisonment. He now moves the court to dismiss the indictment or grant an evidentiary hearing on the motion. As discussed below, the motion is dismissed for lack of subject matter jurisdiction.

**I. Background**

On August 30, 2006, a jury found Baker guilty on one count of felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Dkt. 59). The court denied Baker's motion for judgment of acquittal or a new trial, in which he argued he was entitled to an "innocent possession" jury instruction. (Dkt. 70). Baker appealed his conviction, raising issues of "innocent possession" and whether 18 U.S.C. § 921(a)(20) of the Armed Career Criminal Act applied to his conviction, where Tenth Circuit ruled against him. (Dkt. 94). Baker then moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, but the court denied relief. (Dkt. 109). The Tenth Circuit

denied a Certificate of Appealability on the motion. (Dkt. 117). Baker then twice sought authorization to file successive § 2255 motions; the Tenth Circuit denied both requests. (Dkts. 122, 124). Baker subsequently filed a "Motion to Reconsider and Vacate Enhancement," which the court denied. (Dkt. 126). On appeal, the Tenth Circuit dismissed the appeal because the motion was an unauthorized successive § 2255 motion. (Dkt. 135, at 1). Baker then brought a motion to reverse his conviction pursuant to FED. R. CIV. P. 60(d)(3), which the court characterized as another successive § 2255 motion and dismissed it for lack of subject matter jurisdiction. (Dkt. 145). On appeal, the Tenth Circuit dismissed the appeal because the motion was another unauthorized successive § 2255 motion. (Dkt. 153-1). Baker twice more petitioned the Tenth Circuit to file successive § 2255 motions and was denied both times. (Dkts. 155, 164). Baker now brings a Motion Requesting Entry of Judgment pursuant to FED. R. CIV. P. 12(b), arguing that the United States lacked standing to prosecute him, a Fourth Amendment violation, and ineffective assistance of counsel for failure to move to suppress the physical evidence of the ammunition. Baker moves for dismissal of the indictment or, in the alternative, a hearing on the matter.

## II. Legal Standard

A prisoner's post-judgment pleading should be construed as a successive § 2255 motion if it "seeks relief from the conviction or sentence," even when asserting a "new ground for relief." *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *Id.* at 1149. "[I]f the prisoner's pleading must be treated as a second or

successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Id.* at 1148.

### III. Analysis

Baker seeks dismissal of his indictment with prejudice. He first argues that the United States lacked standing to prosecute him, depriving the court of subject matter jurisdiction. He also argues a Fourth Amendment violation for the seizure of the ammunition that he was convicted of possessing, and ineffective assistance of counsel for failure to move to suppress the same evidence. Although Baker does not explicitly ask the court to "vacate, set aside or correct" the sentence as described in 18 U.S.C. § 2255(a), the relief sought renders the same effect. All of Baker's arguments are essentially requests to vacate a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Baker does not assert a defect in a previous § 2255 proceeding, but asserts new grounds for relief from his conviction. It is irrelevant that the motion is styled as a Rule 12(b) motion; it must be construed as a successive § 2255 motion. Therefore, the court dismisses Baker's Motion for lack of subject matter jurisdiction. Further, the court denies Baker's request for a hearing because it lacks jurisdiction to rule on the motion.

IT IS ACCORDINGLY ORDERED this 9th day of December, 2014, that Baker's Motion Requesting Entry of Judgment (Dkt. 169) is DISMISSED.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

3