IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 06-10129-JTM

JAMES E. BAKER,

        Defendant.

**MEMORANDUM AND ORDER**

Defendant James E. Baker was convicted on one count of felon in possession of ammunition and sentenced to 235 months' imprisonment. He has since filed a number of appeals and habeas petitions. Before the court are defendant's (1) Motion for Suppression Hearing (Dkt. 171), (2) Motion for Evidentiary Hearing (Dkt. 172), and (3) Motion for Sanctions (Dkt. 173). The court addresses each motion in turn.

**I. Background**

On August 30, 2006, a jury found defendant guilty on one count of felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Dkt. 59). He moved for judgment of acquittal or a new trial (Dkts. 63, 64, 66, 67), arguing that he was entitled to an "innocent possession" jury instruction. The court denied the motions. (Dkt. 70). Defendant appealed his conviction, raising issues of "innocent possession" and whether 18 U.S.C. § 921(a)(20) of the Armed Career Criminal Act applied to his conviction. (Dkt. 79). The Tenth Circuit ruled against him. (Dkt. 94). Defendant then moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 98),

but the court denied relief. (Dkt. 109). The Tenth Circuit denied a Certificate of Appealability on the motion. (Dkt. 117). He then twice sought authorization to file successive § 2255 motions; the Tenth Circuit denied both requests. (Dkts. 120, 124). Defendant subsequently filed a "Motion to Reconsider and Vacate Enhancement," which the court denied. (Dkt. 126). On appeal, the Tenth Circuit dismissed the appeal because the motion was an unauthorized successive § 2255 motion. (Dkt. 135, at 1). Defendant then brought a motion to reverse his conviction pursuant to FED. R. CIV. P. 60(d)(3), which the court characterized as another successive § 2255 motion and dismissed for lack of subject matter jurisdiction. (Dkt. 145). On appeal, the Tenth Circuit dismissed the appeal, agreeing that the motion was another unauthorized successive § 2255 motion. (Dkt. 153-1). Defendant twice more petitioned the Tenth Circuit to file successive § 2255 motions and was denied both times. (Dkts. 155, 164). He then moved the court to dismiss his indictment pursuant to FED. R. CIV. P. 12(b), arguing that the United States lacked standing to prosecute him, a Fourth Amendment violation, and ineffective assistance of counsel for failure to move to suppress the physical evidence of the ammunition. (Dkt. 169). The court denied relief because the motion was another unauthorized § 2255 motion. (Dkt. 170).

## II. Legal Standard

A prisoner's post-judgment pleading should be construed as a successive § 2255 motion if it "seeks relief from the conviction or sentence," even when asserting a "new ground for relief." *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255

motion." *Id.* at 1149. The prisoner may not file a second or successive § 2255 motion in the district court without permission of the appropriate court of appeals. *Id.* at 1147 (citing 28 U.S.C. § 2255 ¶ 8). "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Id.* at 1148.

### III. Analysis

**A. Defendant's Motion for Suppression Hearing (Dkt. 171)**

Defendant moves the court for a hearing to suppress the evidence of the ammunition he was convicted of possessing. Defendant argues that the ammunition was seized in violation of the Fourth Amendment, and that counsel's failure to move to suppress the same was ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). He requests a suppression hearing pursuant to FED. R. CRIM. P. 12(b)(3)(c) and 12(c)(3).

Defendant artfully avoids directly pleading for relief from his sentence or conviction, framing his motion simply as one to suppress the ammunition evidence. Nevertheless, the purpose of the suppression hearing would be to prove ineffective assistance of counsel in an effort to attack his conviction. The court therefore construes this motion as a successive § 2255 motion. Defendant did not obtain certification from the Tenth Circuit to file this successive motion; therefore, the court lacks jurisdiction to hear it.

Defendant's motion (Dkt. 171) is DISMISSED.

**B. Defendant's Motion Seeking Evidentiary Hearing (Dkt. 172)**

Defendant presents a medley of arguments alleging that the government lacked standing to oppose his original § 2255 motion (Dkt. 98). The gist of these arguments is that the government lacked standing to present evidence related to the ammunition at his trial and he thus was improperly convicted. This motion is another successive § 2255 motion because it seeks relief that would overturn the conviction or, at the very least, seeks to revive a previously-denied § 2255 motion (Dkt. 98). Again, defendant did not obtain certification from the Tenth Circuit to file this motion. The court therefore lacks jurisdiction to rule on the motion.

Defendant's motion (Dkt. 172) is DISMISSED.

**C. Defendant's Motion for Sanctions (Dkt. 173)**

Defendant moves the court to (1) grant his motions for a suppression and evidentiary hearing (Dkts. 171, 172) because they are unopposed, and (2) appoint him counsel for that hearing. Thus, this motion seeks relief contingent upon the court's ability to entertain defendant's unauthorized successive § 2255 motions (Dkts. 171, 172). As discussed above, the court lacks jurisdiction to rule on those motions. The court's inability to grant the underlying motions renders this motion moot.

Defendant's motion (Dkt. 173) is DENIED.

IT IS ACCORDINGLY ORDERED this 20th day of February, 2015, that defendant's Motion for Suppression Hearing (Dkt. 171) and Motion for Evidentiary Hearing (Dkt. 172) are DISMISSED.

IT IS FURTHER ORDERED that defendant's Motion for Sanctions (Dkt. 173) is DENIED.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE
