IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                             Case No. 06-10129-JTM

JAMES E. BAKER,

        Defendant.

**MEMORANDUM AND ORDER**

On October 20, 2015, the court denied defendant's motion for leave to file an amended §2255 motion. Dkt. 185. The court ruled that it had no jurisdiction because defendant's filing was a second or successive §2255 motion. The matter is now before the court on defendant's motion to reconsider. Dkt. 186.

Defendant first argues that his motion is not a second or successive one because his claim was not ripe until the Supreme Court held that the residual clause of the Armed Career Criminal Act was impermissibly vague. *See Johnson v. United States*, 135 S.Ct. 2551 (2015). But "[w]hat makes a claim unripe is that the factual predicate has not matured, not that the law was unsettled." *United States v. Claycomb*, 577 Fed.Appx. 804, 804-05 (10th Cir. 2014). Defendant's could have brought a vagueness claim in his original §2255 motion. The fact that the Supreme Court only later ruled that way does not mean the claim was unripe before then. This point is clear from the structure of §2255(h)(2), which requires that a second or successive motion be certified by an

appellate court when it is based on a new rule of constitutional law. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) (if a new rule of constitutional law made a claim non-successive, the requirement for appellate certification would be superfluous). Defendant's current motion is in substance a second or subsequent §2255 motion.

Defendant also relies in part on Rule 15(c) to argue that he is really attempting to amend his original §2255 motion. But "a motion under §2255 can only be amended under Rule 15 before judgment is issued; Rule 15 has no post-judgment application." *United States v. Hames*, 431 Fed.Appx. 846, 847, 2011 WL 2471482 (10th Cir. 2011). Defendant cannot amend his original §2255 motion after a final judgment was entered on it.

Finally, defendant believes his claim is permissible because *Johnson* created a new rule of constitutional law. *Johnson* did create a new rule of constitutional law, but that does not change the fact that defendant's motion is a second or successive one which can only be authorized by a court of appeals. 28 U.S.C. §2255(h); *In re Gieswein*, 802 F.3d 1143 (10th Cir. 2015) (refusing to authorize second or successive §2255 motion based on *Johnson* because the Supreme Court did not make that case retroactive to cases on collateral review).

**IT IS THEREFORE ORDERED** this 20th day of November, 2015, that defendant's Motion for Reconsideration (Dkt. 186) is DENIED.

                                                                    _____s/ J. Thomas Marten_____
                                                                         J. THOMAS MARTEN, JUDGE