IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

v.                              Case No. 6:06-cr-10129-JTM-1
                                     Case No. 6:16-cv-01164-JTM

JAMES E. BAKER,

          Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant James Baker's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 200). The motion is based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that the residual clause defining "violent felony" in the Armed Career Criminal Act (ACCA) was unconstitutionally vague, and *Welch v. United States*, 136 S.Ct. 1257 (2016), which made *Johnson* retroactive to cases on collateral review. Defendant, who was sentenced as a career offender under the ACCA, argues that under *Johnson* his prior burglary convictions do not qualify as violent felonies and that he was erroneously sentenced as a career offender. The court agrees, and grants the motion for the following reasons.

**I. Background**.

Defendant was charged with one count of unlawful possession of ammunition by a previously convicted felon (18 U.S.C. § 922(g)(1)) and one count of unlawful

possession of stolen ammunition (18 U.S.C. § 922(j)). Dkt. 1. A jury found him guilty of the first count and not guilty of the second.

Section 924(e)(1) provides in part that a person who violates § 922(g) and has three previous convictions for a violent felony shall be sentenced to not less than 15 years imprisonment. The term "violent felony" is defined in part as a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another….

18 U.S.C. § 924(e)(2)(B).

A Presentence Report (PSR) asserted that defendant qualified as an armed career criminal because had three prior convictions for violent felonies. PSR §§ 29, 119. The PSR did not specifically identify the qualifying convictions or the basis on which they were counted as violent felonies. Under the ACCA, this finding increased the statutory penalty for the offense from a maximum possible sentence of ten years imprisonment to a required minimum sentence of fifteen years and a maximum possible life sentence. 18 U.S.C. § 924(e)(1) & (2). It also increased the guideline offense level from 14 to 33. Defendant's criminal history category was found to be VI based on a total of 29 criminal history points. The PSR thus determined that defendant's guideline range was 235 to 293 months, with a statutory minimum sentence of 15 years required by the ACCA.

The defendant's criminal history in the PSR included five prior convictions for burglary under Kansas law (PSR ¶¶ 35, 37, 59, 63 and 67). In a sentencing

memorandum, defendant asserted that he had only three prior convictions for burglary and that one of them did not count because his civil rights had been restored after the conviction, meaning he did not have the requisite three violent felonies to be a career offender. Dkt. 71 at 1.[1]  In response, the Government asserted that defendant had the requisite felonies, citing his burglary convictions for breaking into a nursery, a jewelry store, and a restaurant (PSR ¶¶ 59, 63, and 67, respectively). It argued that defendant's civil rights had not been restored, and that burglary of a commercial establishment qualified as a violent felony "because it 'presents a serious potential risk of physical injury to another.'" Dkt. 74 at 8 (*citing* 18 U.S.C. § 924(e)(2)(B)(ii) and *United States v. King*, 422 F.3d 1055, 1057-58 (10th Cir. 2005)). At the subsequent sentencing hearing, the court noted defendant's lengthy criminal history and found that although "[i]t's not a terribly violent criminal history," there were enough incidents and "the offenses are of … a character that he does qualify … under the armed career criminal provisions…." Dkt. 89 at 100. The court imposed a sentence of 235 months, which was the low end of the guideline range.  Judgment was entered on December 28, 2006. Dkt. 78. Defendant unsuccessfully pursued a direct appeal and a number of habeas motions. After the Supreme Court's rulings in *Johnson* and *Welch*, the Tenth Circuit granted defendant leave to file a successive § 2255 motion raising a claim based on *Johnson*.  Dkt. 197.

## II. § 2255 Motion.

Defendant's § 2255 motion asserts that the burglary convictions used to enhance his sentence under the ACCA did not constitute "generic burglary" within the meaning

---

[1] As near as the court can tell, the argument simply overlooked two of the burglaries in the PSR.

of the ACCA, and that they were only counted as violent felonies because of the now-invalid residual clause of § 924(e)(1)(B)(ii). Dkt. 200 at 4.

The Government responds that defendant is not entitled to relief "because he cannot sustain his burden to show that he was sentenced under the ACCA's now-invalid residual clause." Dkt. 210 at 1. It goes on to concede, however, that "were he able to sustain this burden, he would be eligible for relief because at least three of his five burglary convictions stemmed from his prosecution under non-generic burglary statutes [and] his convictions under these statutes cannot serve as qualifying violent felonies for purposes of enhancing his sentence under the ACCA." *Id*. at 2.

The Government argues that the defendant has not met his burden because "he does not point to any place in the record where this Court used the now-invalid residual clause as a basis to qualify any of his five previous burglary convictions as violent felonies," and "in the absence of contrary findings or other indications in the record, one could rationally assume that Defendant's burglary convictions were counted under § 924(e)(2)(B)(ii)'s enumerated offenses clause, which specifically lists 'burglary' as a qualifying violent felony." Dkt. 210 at 7. Moreover, the Government argues, if defendant's sentence was based on either of the other clauses in § 924(e)(2)(B), and not the residual clause, then his claim is not based on *Johnson* and is procedurally barred and untimely. *Id*. at 8.

The court rejects the Government's argument. Even assuming for purposes of this motion that defendant has the burden to show that his sentence was based on the residual clause and not the "force clause" or the "enumerated clause" of § 924(e)(2)(B),

the court finds he has met that burden. *Cf. United States v. James*, No. 06-cr-20172-JWL, Dkt. 132 at 2-3 (rejecting argument that court's failure to specify which clause applied precluded *Johnson* relief). The record shows with near certainty that defendant's prior burglaries were counted as violent felonies only because of the now-invalid residual clause. In its original sentencing memorandum, the Government argued that a commercial burglary – a term applicable to all of defendant's burglaries - counted as a violent felony "because it 'presents a serious potential risk of physical injury to another.'" Dkt. 74 at 8. The Government explained:

> When someone, such as Mr. Baker, enters a commercial establishment at night to steal he does not know if someone is inside. If someone would be inside when he enters there is a strong likelihood that violence could occur. Even though Mr. Baker may not enter with a firearm, he enters with crowbars and pry tools, that could be used as a weapon. It is easy to see how such a situation could quickly escalate to violence that [poses] a risk of injury to both the burglar [and] the shop owner.

*Id*.

This was a direct invocation of the residual clause, and it is the only basis in the record showing why the burglaries were counted as violent offenses. The Government does not seriously suggest the court relied on the "use of force" clause (§ 924(e)(2)(B)(i)), which is inapplicable to most if not all burglary statutes. As for the enumerated offense clause (§ 924(e)(2)(B)(ii)), it was well-established by the time of defendant's sentencing that an offense constituted burglary under this provision only if it met the elements of a generic burglary. *See Taylor v. United States*, 495 U.S. 575 (1990) (an offense constitutes "burglary" under § 924(e) if it has the basic elements of a generic burglary, i.e., an unlawful or unprivileged entry into, or remaining in, a building or other structure, with

intent to commit a crime). The law was also clear at that time that when a defendant was convicted under a non-generic statute, the conviction qualified only if the charging documents, plea agreement and colloquy, jury instructions, or other reliable documents showed that the defendant was convicted of an offense meeting the generic elements. *See United States v. King*, 422 F.3d 1055, 1058 (10th Cir. 2005). Yet there is no suggestion here that such a review took place or that it was the basis for this court's finding that defendant's burglaries qualified as violent offenses.[2] Had the court or the Probation Office engaged in such an examination, it likely would have appeared in some form in the record. Instead, the record shows only the Government's invocation of the residual clause and its argument that there was a "serious potential risk of physical injury" from commercial burglaries. That argument was consistent with prevailing case law at the time, but it has since been rendered untenable by *Johnson*. *See e.g.*, *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2006) (noting that "burglary, by its nature, involves a substantial risk that the burglar will use force against a victim"). The record thus shows that defendant's burglaries were likely counted as violent offenses under § 924(e)(2)(B) only because of the residual clause now invalidated by *Johnson*.

In light of the above finding, the Government concedes that "at least three of Defendant's five burglary convictions were under indivisible, non-generic statutes, so Defendant is not eligible for an ACCA-enhanced sentence under existing law." Dkt. 210

---

[2] The burglaries took place from 1982 to 2003. In identifying the burglaries, the PSR asserted that defendant broke into a specified jewelry store, nursery, and restaurant, but it did not set forth any examination of the elements of generic burglary, the elements of the offense under the applicable Kansas statute, or the underlying charging and plea documents in defendant's cases.

at 13 (*relying on Mathis v. United States*, 136 S.Ct. 2243 (2016)).[3] Accordingly, the court finds that defendant is entitled to the relief he requests on his § 2255 motion.

Defendant's sentence in this matter is hereby vacated. Defendant is entitled to be resentenced under an applicable maximum sentence of ten years imprisonment. Inasmuch as defendant has already completed more than the maximum ten year sentence, the court hereby sentences defendant James Baker to a sentence of time served. All of the other terms and conditions of the original sentence shall remain the same, including the imposition of three years of supervised release. *See* Dkt. 78.

**IT IS THEREFORE ORDERED** this 1st day of September, 2016, that defendant James Baker's Motion to Vacate Sentence pursuant to § 2255 (Dkt. 200) is GRANTED. The sentence previously imposed in this case is vacated; defendant James Baker is hereby sentenced to time served on Count 1. All other pending motions (Dkts. 204, 206) are DENIED as moot.

The Government shall forthwith give effect to this order. The Probation Officer in charge of this case is directed to prepare an amended judgment reflecting the foregoing ruling.

s/  J. Thomas Marten
J. THOMAS MARTEN, Judge

---

[3] Defendant was convicted at least twice under K.S.A. § 21-3715 (1983), which defined burglary to include knowingly and without authority entering into a "building … or motor vehicle … with intent to commit a felony or theft therein." The Government concedes that these convictions, as well as one other, do not satisfy *Mathis* because they involve "an indivisible statute that lists multiple factual means of committing the single locational element of burglary, and because one [or] more of those means does not involve a building or enclosed space, the statute is non-generic." Dkt. 210 at 13. In *Mathis*, the Supreme Court found that a conviction under a similarly worded statute was broader than, and did not require the elements of, a generic burglary. *Mathis*, 136 S.Ct. at 2250-56 (noting the "easy" resolution of the issue).