IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              Case No. 6:06-cr-10129-JTM-1

JAMES E. BAKER,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant James Baker's "Motion to Modify or Vacate Supervised Release." Dkt. 221. The government has filed a response. Dkt. 222. For the reasons set forth herein, the court finds that the motion should be denied.

**I. Background.**

In 2006, defendant was convicted by a jury on one count of being a felon in unlawful possession of ammunition. The court sentenced him to 235 months' imprisonment, to be followed by three years of supervised release. Dkt. 78. The sentence was based in part on an Armed Career Criminal Act (ACCA) enhancement for having three prior violent felony convictions (burglaries), which boosted the penalty from a maximum of ten years' imprisonment to a minimum term of fifteen years. The conviction and sentence were upheld on direct appeal. Dkt. 94. Defendant subsequently filed numerous motions unsuccessfully challenging his conviction and sentence.

In May of 2016, the Tenth Circuit granted defendant's request to file a successive habeas petition under 28 U.S.C. § 2255 based on the Supreme Court's ruling in *Johnson*

*v. United States*, 135 S.Ct. 2551 (2015), which narrowed the definition of "violent felony" under the ACCA. Defendant then filed a § 2255 motion alleging he did not have three qualifying violent felonies under *Johnson*, and arguing he was "entitled to have my sentence vacated, and to be resentenced to a ten-year maximum without the A.C.C.A. enhancement." Dkt. 200 at 4. In an order filed September 2, 2016, this court granted the § 2255 motion. The order vacated defendant's prior sentence and, because defendant had already served more than ten years, it imposed a sentence of time served and the original three-year term of supervised release. Dkt. 213 at 7. An amended judgment reflecting the modified sentence was entered on September 9, 2016. Dkt. 215.

The same day the amended judgment was filed, defendant filed a "Notice of Concerns" (Dkt. 214) questioning whether re-imposition of the three-year term of supervised release was lawful in view of the fact that he had already served more than the maximum custodial sentence after *Johnson*. The court determined that imposition of the three-year term was lawful. Dkt. 281 at 2.

**II. Motion to modify or vacate supervised release.**

Defendant filed the instant motion on December 23, 2016, arguing that his prior burglaries were part of "an unlawful calculation of his criminal history to [which] a lawful term of supervised release cannot be attached." Dkt. 221 at 1. He notes that his prior burglary convictions do not qualify as violent felonies and asserts that "the inaccurate and unlawful calculation of [his] prison sentence has [led] to an erroneous term of supervised release." *Id*. at 1-6. He contends his sentencing guideline range should have been 12-18 months imprisonment, based on an offense level of 6 and a

criminal history category of VI, and that because probation was a possible sentence in this range, the term of supervised release "is clearly erroneous." *Id*. at 7. Finally, defendant notes that 18 U.S.C. § 3583(e)(1) and (2) allow a district court to reduce or terminate a term of supervised release, and he asks the court to either modify or vacate the current three-year term.

### III. Discussion.

The imposition of a three-year term of supervised release was not clearly erroneous or unlawful. By statute, defendant's offense was a Class C felony (18 U.S.C. § 3559(a)(2)), which authorized a term of supervised release of up to three years. 18 U.S.C. § 3583(b)(2). A three-year term was also consistent with the sentencing guidelines, which called for a term of supervised release of "not more than three years for a defendant convicted of a Class C … felony." USSG § 5D1.2(a)(2). Finally, the imposition of a three-year term of supervision was clearly appropriate given defendant's prolific criminal history (27 total criminal history points), which spanned over twenty years by the time of the initial sentencing and which included battery on a law enforcement officer, possession of cocaine, two instances of unlawful possession of a firearm, and six instances of burglary or attempted burglary.

Defendant's argument about his sentencing guideline range fails to show that imposition of the term of supervised release was erroneous. As the government points out, without the ACCA enhancement defendant's proper guideline sentencing range would have been 37-46 months, based on an offense level of 14 and a criminal history category VI. *See Presentence Report* at p. 6. Defendant apparently contends the offense

level should have been 6 under USSG § 2K2.1(b)(2), which applies if a defendant possessed ammunition "solely for lawful sporting purposes or collection." Any such argument is barred by defendant's failure to timely raise it at the initial sentencing, on appeal, or in a prior § 2255 motion. Moreover, defendant cites no possible basis for finding that he possessed the ammunition (six live rounds in a speed loader found in his pocket) "for lawful sporting purposes or collection." Even without the ACCA enhancement, defendant was subject to a sentence of imprisonment and a possible three-year term of supervised release. That three-year term of supervision was authorized by law, was lawfully imposed, was not challenged on appeal or in a prior § 2255, and is entirely appropriate given defendant's criminal history.

Defendant argues the term of supervision should be reduced or terminated pursuant to 18 U.S.C. § 3583. The court has authority to reduce the conditions of supervision under § 3583(e)(2), but no grounds for doing so are present here. The court also has authority under § 3583(e)(1) to end the term of supervised release, if the defendant has served at least one year of supervision and termination is warranted by the defendant's conduct and the interest of justice. Neither of those prerequisites is present here.

IT IS THEREFORE ORDERED this 30th day of January, 2017, that defendant's "Motion to Modify or Vacate Supervised Release" (Dkt. 221) is DENIED.

                                            ___s/ J. Thomas Marten_____
                                            J. THOMAS MARTEN, JUDGE